In Re: Reorganization of Penn Cambria School District. Penn Cambria School District by William Lawn, Jr., Former School Board President and Present Board Member et al., Appellants.

Argued November 1, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and MACPHAIL. Judges DISALLE and CRAIG did not participate.

*Joseph D. Messina,* for appellants.

*Vasil Fisanick* and *Walter A. Criste,* for appellees.

OPINION BY JUDGE MacPHAIL, February 7, 1979:

The Penn Cambria School District (School District), Cambria County, was established in 1966 by authority of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq. On February 3, 1977, the Board of School Directors (Board) of the School District filed with the Cambria County Court of Common Pleas a petition to divide the district into three electoral regions pursuant to the provisions of Section 303(b) of the Code, 24 P.S. §3-303(b). After a hearing on the merits of the petition, but before the lower court had decided the case, the membership of the Board changed as the result of an election in November of 1977. On December 9, 1977, the newly constituted Board filed a petition in the lower court to discontinue the petition for reorganization into three electoral regions previously filed. On February 1, 1978, the trial judge filed an opinion and order dismissing the original petition and disapproving the proposed reorganization plan. On February 3, 1978, the trial court dismissed the petition to discontinue "by virtue of the order of this court entered February 1, 1978. . . ."

Thereafter, Appellants here filed a timely appeal from the order of President Judge McWILLIAMS dated

February 1, 1978. No appeal was taken from the order entered by President Judge McWILLIAMS dated February 3, 1978.

The School District has filed a motion to quash the instant appeal challenging the standing of the Appellants. By order of President Judge BOWMAN, dated May 18, 1978, the motion to quash was heard by this Court simultaneously with the appeal on the merits.

The motion to quash has considerable merit. As previously noted, the petitioner before the Court of Common Pleas of Cambria County was the Penn Cambria School District. The affairs of the School District are conducted by a board of directors, Section 501 et seq. of the Code, 24 P.S. §5-501 et seq. Although the name of Penn Cambria School District appears on the "notice of appeal" to this Court, that "notice of appeal" also indicates that the School District's name is followed by the words "by William Lawn, Jr., former School Board President and Present School Board Member." It is quite obvious that Mr. Lawn has no statutory nor any individual authority to appeal on behalf of the School District. The facts that (a) the School District has petitioned to *discontinue* the petition for reorganization and (b) the School District is defending this appeal are clear evidence that the School District has not appealed from the order dated February 1, 1978.

The remaining Appellants, including Lawn, have taken the appeal to this Court as taxpayers. There was no petition on their part to intervene in the proceedings below as permitted by Pa. R.C.P. No. 2327. Five of the Appellants testified in favor of the petition to reorganize in the court below. Lawn was the former School Board president and also testified below. The remaining Appellants have no previous connection with the case whatsoever, except, as we noted, that they are alleged to be taxpayers.

Pa. R.A.P. 501 provides:

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

While the rule does not define "party who is aggrieved," the note following the rule states:

Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc.

This Court and other courts of the Commonwealth as well have construed the meaning of "aggrieved parties" on many occasions. Most recently our Supreme Court addressed the matter in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), where the Court quoted from *Man O'War Racing Association, Inc. v. State Horse Racing Commission,* 433 Pa. 432, 441, 250 A.2d 172, 176-77 (1969), as follows:

'[The party] must have a direct interest in the subject-matter of the particular litigation, otherwise he can have no standing to appeal. And not only must the party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.'

This Court most recently addressed the meaning of "party who is aggrieved" in *Controller's Annual Report, Year 1972, of Lackawanna County,* 37 Pa. Commonwealth Ct. 580, 390 A.2d 1368 (1978).

We have no difficulty in concluding that none of the Appellants meets all of the tests of a "party who is aggrieved." *Spring-Ford Area School District Division Case,* 210 Pa. Superior Ct. 338, 234 A.2d 184 (1967), *Chichester School District Division Case,* 210

Pa. Superior Ct. 426, 234 A.2d 187 (1967) and *Adams v. School Board of Wyoming Valley West School District,* 332 F. Supp. 982 (M.D. Pa. 1971), relied upon by Appellants are easily distinguished. In *Spring-Ford* the appellants had filed exceptions to the petition by the school district in the court below. In *Chichester* the appellants had been granted leave to intervene. *Adams* involved an original complaint in the federal district court, not an appeal.

In summary, the Appellants here were not parties to the proceeding in the trial court. They have not demonstrated that they have a direct, immediate and substantial interest in the matter. Obviously, they have no pecuniary interest.

The motion to quash must be granted.

ORDER

AND Now, this 7th day of February, 1979, the within appeal is quashed.