440 A.2d 512

**DELAWARE COUNTY LODGE # 27, Fraternal Order of Police, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, LABOR RELATIONS BOARD, et al.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Jan. 26, 1982.

James L. Crawford, Anthony C. Busillo, Asst. Atty. Gen., for Pennsylvania Labor Relations Bd.

Alvin S. Ackerman, Upper Darby, for remaining appellees.

Alexander A. DiSanti, Media, for appellant.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This matter is here by way of a grant of permission to appeal from a certified interlocutory order of the Commonwealth Court. See 42 Pa.C.S. § 702(b) and Pa.R.A.P. 312. At issue is whether an appeal from an order of the Pennsylvania Labor Relations Board upholding the refusal of the Board's secretary to issue a complaint on unfair labor practice charges brought by a police union is to be taken to the Commonwealth Court or to the courts of common pleas. Appellant Delaware County Lodge # 27 (Fraternal Order of Police) appealed such an order to the Commonwealth Court. That court held that jurisdiction properly lies in the courts of common pleas and accordingly transferred the appeal to the Court of Common Pleas of Delaware County. Because we conclude that the appeal was properly taken to the Commonwealth Court pursuant to 42 Pa.C.S. § 763, we vacate the order of the Commonwealth Court and remand for disposition of the merits of the appeal.

In June of 1979, police officers of Upper Darby Township elected appellant union to be their representative for purposes of collective bargaining pursuant to "Act 111," Act of June 24, 1968, P.L. 237, § 1 et seq., 43 P.S. § 217.1 et seq. (Supp.1981). In October of 1979, the Township filed a motion with the PLRB alleging that there had been improprieties in the election. In February of 1980, after several hearings, the PLRB sustained the Township's claim and set aside the results of the election. The PLRB also dismissed charges of unfair labor practices filed by appellant against the Township for having refused to bargain for the 1980 calendar year while the dispute over the validity of the election was pending. 11 PPER ¶ 11069.

After further proceedings, the PLRB certified appellant as exclusive bargaining representative. Appellant filed new unfair labor practice charges with the PLRB in which it again challenged the Township's refusal to bargain for the 1980 calendar year. The Secretary declined to issue a complaint. On June 4, 1980, the PLRB dismissed appellant's exceptions. According to the Board,

"it was because a question of representation had arisen and because the administrative process had not yet run its course in resolving that question that the time-tables for arbitration for 1980 could not be met."

11 PPER ¶ 11134. It is from this determination of the PLRB that appellant took the appeal in controversy to the Commonwealth Court.

The Commonwealth Court determined that, under the "past procedure" set forth by section 9 of the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, § 1 et seq., as amended, 43 P.S. § 211.1 et seq. (1964 and Supp. 1981), jurisdiction over appellant's appeal would have been vested in the court of common pleas. See *Philadelphia Fire Officers Ass'n v. PLRB*, 470 Pa. 550, 369 A.2d 259 (1977) (Act 111 and Pennsylvania Labor Relations Act are *in pari materia*). Although it recognized that the Legislature had repealed "portions of section 9," see Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, § 2(a) [1190], 42 P.S.

§ 20002(a)[1190] (1981 Pamphlet) (effective June 27, 1978), the Commonwealth Court was of the view that such "alterations" are "characteristic of an effort to codify Pennsylvania's statutory law and not indicative of any legislative intent to alter the framework of judicial review of the collective bargaining processes."

Contrary to the view of the Commonwealth Court, the intent of the Legislature to effect such an alteration is clear. In the codification of the laws relating to this Commonwealth's judicial system, the Legislature specifically stated that section 9(b) of the Pennsylvania Labor Relations Act is repealed "absolutely." See Judiciary Act Repealer Act, supra. Section 9(b) is the very "portion" of section 9 which both created a right of appeal on behalf of "[a]ny person aggrieved by a final order of the board . . .," and vested jurisdiction over such appeals in the courts of common pleas.* In repealing absolutely the right of appeal from orders of the PLRB conferred by section 9(b), the Legislature simultaneously provided for a general right of appeal from adjudications of Commonwealth agencies:

> "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)."

2 Pa.C.S. § 702. Specifically incorporating this general right of appeal, the Legislature further provided that the Commonwealth Court shall have exclusive jurisdiction of "[a]ll appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 . . . ." 42 Pa.C.S. § 763. See generally *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981).

---

* In relevant part, now-repealed section 9(b) of the Pennsylvania Labor Relations Act provided:

"Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought . . . may obtain a review of such order in the court of common pleas of any county where the unfair labor practice was alleged to have been engaged in, or wherein such person resides or transacts business. . . ." 43 P.S. § 211.9(b) (1964).

2 Pa.C.S. § 702 and 42 Pa.C.S. § 763 exclude from their operation those appeals which may be taken initially to the courts of common pleas pursuant to 42 Pa.C.S. § 933. Section 933 in turn designates as appealable to the courts of common pleas only those determinations of the PLRB made pursuant to the Public Employe Relations Act ("Act 195"), Act of July 23, 1970, P.L. 563, § 101 et seq., 43 P.S. § 1101.101 et seq. (Supp.1981). Act 195 specifically excludes from its scope collective bargaining disputes involving police and firemen. § 301(2), 43 P.S. § 1101.301(2). See *Geriot v. Darby Borough Council*, 491 Pa. 63, 417 A.2d 1144 (1980). Therefore, in accordance with the express terms of 42 Pa. C.S. § 763, appellant properly took its appeal from the PLRB's adjudication to the Commonwealth Court.

Order of the Commonwealth Court vacated and record remanded to the Commonwealth Court for proceedings consistent with this opinion.