County of Bucks, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued April 7, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*David R. Keller,* with him *Anthony F. Visco, Jr., Obermayer, Rebmann, Maxwell & Hippel,* for petitioner.

*James L. Crawford,* with him *Anthony C. Busillo, II,* for respondent.

*Edward D. Foy, Jr., Liederbach, Rossi, Hahn, Casey & Foy,* for Bucks County Rangers Benevolent Association.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 22, 1983:

Bucks County (County) appeals a Pennsylvania Labor Relations Board (Board) determination that it committed unfair labor practices.[1] We affirm in part, vacate in part, and remand.

The Bucks County Rangers Benevolent Association (Association)[2] filed an unfair labor practice charge with the Board when the County terminated its park ranger program following the rangers' certification as employees under the "Collective Bargaining By Policemen Or Firemen Act" (Act 111).[3] The Association also complained that the County stopped paying utility costs for the rangers' park residences and increased the rent thereon.[4] The Board concluded that the program's termination and the changes of the living accommodations constituted unfair labor practices under the Pennsylvania Labor Relations Act (PLRA).[5] The County was then directed to reinstate the rangers, restore the original terms of the residential leases, and bargain in good faith with the Association.

---

[1] The County originally appealed to Bucks County Common Pleas Court, which issued an order setting aside the Board's determination. This order was vacated by this Court on June 29, 1982, for lack of jurisdiction, in light of *Delaware County Lodge #27, Fraternal Order of Police v. Pennsylvania Labor Relations Board*, 497 Pa. 319, 440 A.2d 512 (1982).

[2] The Association is the certified bargaining representative of the County's park rangers.

[3] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §217.1.

[4] A County ordinance required the rangers to live in park residences; the County leased these homes to them, providing free utilities and reduced rent.

[5] Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §211.1. The Board found that the termination violated Sections 6(1)(a), (c), and (e) of the PLRA, 43 P.S. §211.6(1)(a),(c), and (e), which

In reviewing Board decisions, we are limited to determining whether its findings are supported by substantial and legally credible evidence, and whether its conclusions are reasonable and not capricious, illegal, or arbitrary. *Commonwealth of Pennsylvania v. Pennsylvania Labor Relations Board,* 64 Pa. Commonwealth Ct. 525, 441 A.2d 470 (1982).

Initially, the County contends that the Board has no jurisdiction in unfair labor practice charges filed by Act 111 employee bargaining representatives. In our recent decision in *City of Coatesville v. Pennsylvania Labor Relations Board* (No. 1950 C.D. 1981, filed September 22, 1983), we concluded that the Board does have jurisdiction.

The County attacks the Board's decision on three other grounds. The County contends first that the Board erroneously concluded that the park rangers were terminated for anti-union reasons. The record contains substantial credible evidence supporting the finding that "[t]he park rangers were terminated because of their attempt to gain recognition pursuant to Act 111." The County asserts that its opposition to the rangers' Act 111 status was motivated by economics rather than anti-unionism, citing its willingness to bargain with the rangers *under the Public Employe Relations Act* (PERA).[6] The County misses the point. An anti-union stance can be economically

prohibit, respectively, interference with employees' exercise of their statutory rights, discrimination in regard to hire or tenure for the purpose of encouraging or discouraging union membership, and refusal to bargain collectively with employes. The County was found to have violated Sections 6(1)(a) and (e) in changing the terms of the residential leases.

[6] Act of June 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 (Supp. 1983-84).

motivated. Moreover, an employer's acceptance of one union does not necessarily acquit it of an anti-unionism charge. A public employer cannot coerce its employees to accept only those representatives that *it* finds suitable. The rangers, as police, were legally entitled to Act 111 representation. The Board's conclusion, therefore, was reasonable.

The County next contends that, notwithstanding any anti-union motivation, there was no unfair labor practice because the ranger program was completely and permanently eliminated. In *Millcreek Township School District*, 7 PPER 91 (1976), the Board held that a public employer could discontinue a service, regardless of the underlying motivation, so long as the cessation was *complete and permanent.*[7] Here, the Board concluded that there was no complete elimination because the County continued to maintain the park system. While we adopt *Millcreek's* "complete and permanent cessation" principle, we conclude that the Board misapplied it here.

Although the County did *completely* eliminate its park police service, the Board reached no conclusion as to whether the cessation of the service was *permanent*. The County may not *under any guise* avoid its Act 111 duty to bargain by subsequently directing its employees or others to resume *any* of the duties principally performed by the rangers prior to their termination; if it wishes to resume these duties, the County must reinstate the rangers and bargain with their Association. On remand, the Board must determine whether the park police service has been *permanently* eliminated.

_____

[7] In *Millcreek*, a school district eliminated its bus service, upon reaching a bargaining impasse with the bus drivers' union, while continuing its other operations.

Finally, the County contends that the Board erred in concluding that it failed to bargain over the effects of the program's termination. It asserts that neither the charges nor the Association's complaint allege a refusal to bargain over effects. However, the County admits that the Association charged it with unilaterally modifying the rangers' living accommodations. Since these changes were obviously an effect of the earlier termination of the rangers, the County was put on ample notice that it was being charged with refusal to bargain over effects. Thus, the charges "achieve[d] the purpose of informing the [Board] and the adverse party . . . of the matters in issue." *Department of Transportation v. Shipley Humble Oil Co.*, 29 Pa. Commonwealth Ct. 171, 173, 370 A.2d 438, 439 (1977).

We have considered the County's other arguments and find them to be without merit.

We affirm the Board's conclusions that the County terminated the rangers for anti-union reasons and that it refused to bargain over effects. We reverse the Board's conclusion that the termination of the rangers itself was an unfair labor practice and remand for the taking of additional evidence on the permanency issue.

### ORDER

The Pennsylvania Labor Relations Board order, No. PF-C-82-E and PF-C-87-E, dated April 15, 1980, is hereby vacated as to the conclusion that the termination of the park ranger service was an unfair labor practice. The matter is remanded to the Board for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

Judge BARBIERI concurs in the result only.