630 A.2d 915

**In re Condemnation of 77 Acres, More or Less, of Land of Gwynedd Properties, Inc. in Lower Gwynedd Township.**

**In re LOWER GWYNEDD TOWNSHIP, and Gwynedd Properties, Inc.**

**Appeal of GWYNEDD PROPERTIES, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Aug. 2, 1993.

J. Peirce Anderson, for appellant.

James J. Garrity, for appellees.

Before ᴌOYLE and SMITH, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

Gwynedd Properties (Gwynedd) appeals by permission from an interlocutory order of the Court of Common Pleas of Montgomery County which granted the motion of Lower Gwynedd Township (Township) for "Access, Inspection, Sampling and Evaluation" in its condemnation of 77 acres owned by Gwynedd pursuant to the Eminent Domain Code (Code).[1]

This case has had an involved and contentious history which began when the Township filed an eminent domain proceeding to acquire 77 acres of mature woodland owned by Gwynedd on December 30, 1987. Gwynedd filed Preliminary Objections to the Township's original Declaration of Taking which were dismissed by the trial court, and on appeal affirmed by this Court, but were reversed by the Supreme Court due to the Township's failure to adhere strictly to the Second Class Township Code. *Lower Gwynedd Township v. Gwynedd*

---

[1]. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–101–1–903.

*Properties, Inc.,* 527 Pa. 324, 591 A.2d 285 (1991). The effect of the Supreme Court's decision was to void the entire condemnation and revest title to the property in Gwynedd.

The Township, in early February 1992, notified Gwynedd of its intention to again condemn the property and to exercise pre-condemnation inspection and testing privileges pursuant to Section 409 of the Code[2] in order to determine the extent of wetlands on the property. By letter of March 26, 1992, Gwynedd notified the Township that it would not permit entry, "absent a court order." The Township did not exercise its pre-condemnation rights, but filed instead a Declaration of Taking in the Court of Common Pleas of Montgomery County on May 28, 1992. On June 25, 1992, Gwynedd filed Preliminary Objections to the Declaration of Taking. On January 26, 1993, the Township filed its Motion for Access to the property to conduct environmental testing which motion is the subject of the appeal now at issue before us. Gwynedd filed an answer to the motion and after a hearing, the trial court elected to treat the Township's motion as a request for entry pursuant to Rule 4009 of the Rules of Civil Procedure.[3]

On March 5, 1993, the trial court granted the Township's motion, holding that Pa.R.C.P. No. 4009(a)(2) authorizes such access and that the Pennsylvania Rules of Civil Procedure apply to Eminent Domain proceedings based on Pa.R.C.P. No. 4001, which provides that: "The rules of this chapter [govern-

**2.** Section 409 of the Code, provides in relevant part:
Prior to the filing of the declaration of taking, the condemnor or its employes or agents, shall have the right to enter upon any land or improvement which it has the power to condemn, in order to make studies, surveys, tests, soundings and appraisals ...
26 P.S. § 1–409.

**3.** Pa.R.C.P. No. 4009 provides, in relevant part, that:
(a) Any party may serve on any other party a request

· · · ·

(2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspecting and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within scope of Rules 4003.1 through 4003.5 inclusive....

ing discovery] apply to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules, *including any action pursuant to the Eminent Domain Code ...*" (Emphasis added). The trial court, however, imposed numerous restrictions on the access including: 1) limiting the duration of access to 72 non-consecutive hours, 2) requiring three days notice prior to entering the property, 3) requiring that all pits or holes opened during sampling be filled, 4) prohibiting site grading or disturbance which would affect the amount of wetlands, and 5) requiring that Gwynedd have the opportunity to observe the testing and receive copies of all reports generated by the testing.

Gwynedd immediately filed both a petition to stay the trial court's order[4] and a "Petition to Amend Order to Seek Certification." The petition to amend asked the trial court to amend its order of March 5, 1993, to include the language specified by Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), *i.e.*, that the order involves a controlling issue of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the matter. The inclusion of such language allows the party to seek permission to appeal an otherwise unappealable interlocutory order. Pa.R.A.P. 1311. The trial court denied the petition to amend its order of March 5, 1993, after which Gwynedd filed a Petition for Review pursuant to the Note to R.A.P. 1311 with this Court.[5] On April 19, 1993, this Court granted the petition and ordered argument on the merits.

4. Although the trial court denied the petition to stay, this Court granted a stay. The Township then appealed this Court's stay of the lower court's order to the Supreme Court, which reversed this Court's order on April 16, 1993, pending resolution of the Petition for Review in our Court. The Supreme Court's ruling allowed the Township access to the property to conduct its testing as prescribed by the trial court.

5. The note to Pa.R.A.P. 1311 provides, in relevant part, that:

Where an administrative agency or lower court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative

On appeal, Gwynedd contends that: 1) Sections 409 and 407[6] of the Code are the exclusive methods under which a condemnor may obtain physical access to a condemned property; 2) alternatively asserts that even if the Rules of Civil Procedure regarding discovery are applicable, the Township did not follow the proper procedure to invoke them; and 3) additionally maintains that if we reverse the trial court's order, we should additionally order that no use be made of any evidence from the testing and sampling during the unlawful access.

 The flaw in Gwynedd's first argument is that the Pennsylvania Rules of Civil Procedure specifically provide that the discovery rules apply to eminent domain proceedings, Pa.R.C.P. No. 4001, and the rules promulgated by the Supreme Court have the same force and effect as statutes passed by the legislature. *Patterson v. Armco, Inc.,* 101 Pa.Commonwealth Ct. 104, 515 A.2d 657 (1986).[7]

 We further note the explanation for such inclusion in the comments to the Rules of Civil Procedure, and while not

appellate correction of the exercise of discretion by the lower tribunal.
Pa.R.A.P. 1311 Note.

6. Section 407 of the Code provides, in pertinent part:
(a) The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, shall be entitled to possession or right of entry upon payment of, or a written offer to pay to the condemnee, the amount of just compensation as estimated by the condemnor....
26 P.S. § 1–407.

7. To the extent that any language in this Court's recent holdings has implied that the Rules of Civil Procedure do not apply to eminent domain proceedings, we note that such language has usually appeared in the context of disputes over Preliminary Objections, which Section 406 of the Code, 26 P.S. § 1–406, converts into a substantive right rather than a procedural rule. *See Appeal of McCoy,* 153 Pa.Commonwealth Ct. 504, 621 A.2d 1163 (1993). *McCoy* cites *Department of Transportation v. Ambrosio,* 24 Pa.Commonwealth Ct. 8, 354 A.2d 257 (1976), for the proposition that the Rules of Civil Procedure are inapplicable to the Code, but *Ambrosio* was decided prior to the 1978 amendment of Pa.R.C.P. No. 4001, which made the rules applicable to eminent domain proceedings.

binding, such comments may be used in the interpretation of a rule where they are consistent with that rule. *McGonigle v. Currence*, 387 Pa.Superior Ct. 511, 564 A.2d 508 (1989). The explanatory note to Pa.R.C.P. 4001 provides the rationale behind the rule:

> Viewers' proceedings to assess damages in eminent domain actions were historically brought in the Courts of Quarter Sessions, which were courts not originally subject to the Rules of Civil Procedure. Even after the enactment of the Eminent Domain Code of 1963, vesting jurisdiction over eminent domain proceedings in the unified Common Pleas Court, Sec. 703(2) of the Eminent Domain Code provided only for limited discovery of experts' valuation reports on appeal to the Common Pleas, provided they had not already testified before the viewers. The Code made no provision whatsoever for discovery for use in the initial proceedings before viewers. The viewers' proceedings were the discovery proceedings. This often left litigants at a disadvantage before the viewers, in some cases leading to needless appeals.

Pa.R.C.P. No. 4001, Explanatory Note, 1978. To hold that the discovery rules do not apply to eminent domain proceedings, as Gwynedd would have us do, would revive the very problem which Pa.R.C.P. No. 4001 was adopted to ameliorate.

Furthermore, the Supreme Court possesses the requisite authority to adopt such rules through Article V, Section 10(c) of the Pennsylvania Constitution, which vests in the Supreme Court:

> [T]he power to prescribe general rules governing practice, procedure, and the conduct of all courts ... if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive right of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall

be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

Pa. Const., Art. V, § 10(c); *see also* 42 Pa.C.S. §§ 323, 1722.

Gwynedd, however, argues that Pa.R.C.P. No. 4009(a)(2) does indeed enlarge a substantive right of a litigant by creating an additional right of entry after the filing of the declaration of taking in contravention of Section 407 of the Code, 26 P.S. § 1–407. However, as the comment to Section 407 explains:

> Right of entry provided for in this section does not mean the precondemnation right of entry to make surveys, appraisals, etc. What is meant by right of entry in this section is the case, for example, where an easement is condemned and the condemnor actually does not get possession of the property, but merely the right to enter for his easement.

26 P.S. § 1–407, Comment–Joint State Government Commission 1964 Report. Clearly, Pa.R.C.P. No. 4009(a)(2) does not confer such a right of entry, but merely allows temporary access to the property for fair and efficient resolution of the dispute before the court of common pleas. Allowing such access for testing is clearly not a substantive right, but a procedural right of discovery.[8] We must, therefore, reject Gwynedd's argument.

■■■■ Gwynedd's second argument is that the Township failed to comply with the procedural requirements of Pa. R.C.P. No. 4009(b)(1), which require the party requesting

---

**8.** Former Pa.R.C.P. No. 238, which created an irrebuttable presumption that defendants are the only source of delay in tort.litigation for purposes of delay damages, is an example of a rule of civil procedure which "altered the substantive rights of litigants in violation of our own Constitution." *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 67, 515 A.2d 1350, 1354 (1986) (Hutchinson, J. concurring). In *Official Court Reporters of the Court of Common Pleas of Philadelphia County v. Pennsylvania Labor Relations Board*, 502 Pa. 518, 467 A.2d 311 (1983), the Supreme Court contrasted procedural and substantive rights, noting that "[w]hile the method by which an appeal must be perfected is a matter of practice or procedure, it is equally clear that the category of person who has a right to perfect such an appeal is a substantive right ..." *Id.* at 527, n. 11, 467 A.2d at 316, n. 11. Pa.R.C.P. No. 4009(a)(2) falls into the former category, not the latter.

access to specify the time, place and manner of the inspection and testing. However, the trial court's order itself specified and delineated those items addressed by Pa.R.C.P. No. 4009, curing any defect in the process. In any case, an appellate court may overlook, in the interest of fair and efficient justice, any minor errors in adherence to court rules and procedures. *Cassell v. Shellenberger*, 356 Pa.Superior Ct. 101, 514 A.2d 163 (1986), *petition for allowance of appeal denied*, 515 Pa. 603, 529 A.2d 1078 (1987).

■ Gwynedd's argument, that it was denied due process because it was precluded from defending against the procedure for obtaining access, is without merit. The Township's Motion for Access clearly apprised Gwynedd of the nature of the proceedings and of the remedy sought by the Township.

Based on the foregoing discussion, we affirm the trial court's order, and because we do, Gwynedd's final argument that we should limit the use of the information gleaned from discovery if we reverse the trial court, is rendered moot.

## ORDER

NOW, August 2, 1993, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.