547 A.2d 857

Ronald R. Donatucci, Register of Wills, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Fraternal Order of Police, Lodge No. 5, Appellees.

Argued February 24, 1988, before President Judge CRUMLISH, JR., and Judges DOYLE, BARRY, COLINS, PALLADINO, MCGINLEY and SMITH.

*Richard C. McNeill, Jr.,* Assistant City Solicitor, for appellant.

*John B. Neurohr,* with him, *James L. Crawford,* for appellee, Pennsylvania Labor Relations Board.

*Anthony C. Busillo, II,* for appellee, Fraternal Order of Police.

OPINION BY JUDGE BARRY, September 20, 1988:

Ronald R. Donatucci, Register of Wills of the City of Philadelphia (Register) appeals from an order of the Court of Common Pleas of Philadelphia denying his petition for reconsideration and reinstating an earlier order affirming a final order issued by the Pennsylvania Labor Relations Board (Board). We affirm.

On April 20, 1984, the Fraternal Order of Police, Lodge No. 5 (FOP) filed a petition for representation with the Board. The FOP sought to represent a bargaining unit comprised of "[a]ll court-related employees within the jurisdiction of the Board, including, but not limited to, the offices of Sheriff and Register of Wills" in the City of Philadelphia. The Register filed a petition to intervene in the proceedings before the Board. The Board permitted the Register to participate in its proceedings pending a decision on the petition.

On June 8, 1984, following a hearing held on May 15, 1984, at which the Register appeared with counsel and participated, the Hearing Examiner issued an order directing submission of eligibility lists and further, finding that the Register had no standing to intervene in the proceedings. On April 12, 1985, the Board entered a nisi order certifying the FOP as the exclusive representative of the unit. The Register filed exceptions which were addressed then dismissed by the Board and a final order was subsequently issued on July 20, 1985.

The Register appealed the Board's order to the Court of Common Pleas of Philadelphia which affirmed. The Register now appeals to this Court.

Our scope of review is limited to a determination of whether the Board's findings are supported by substantial evidence and whether the conclusions deduced therefrom are reasonable and not arbitrary, capricious or illegal. *Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978).

The Register argues first that the Board erred in denying his petition to intervene. After a careful review of the record, however, we find that the Register's appeal from the Hearing Examiner's order dismissing his petition to intervene was untimely and accordingly, the trial court was without jurisdiction to address it.

The Hearing Examiner's order dismissing the Register's petition to intervene was entered with its order directing submission of eligibility lists on June 8, 1984. Pursuant to 34 Pa. Code §95.44(c), a hearing examiner has the authority to act on petitions to intervene:

> (c) The Board or any member of the Board, or the *hearing examiner,* as the case may be, may, by orders, permit intervention in person, by counsel, or by other representative to such extent and upon such terms as they may deem proper.

(Emphasis added.)

Our review of the record reveals that no exceptions to the hearing examiner's order dismissing the Register's petition to intervene were filed. 34 Pa. Code §95.98(b) provides, "When no exceptions are filed to a proposed decision, it will become final upon the expiration of 20 days from the date of issuance." Further, the Register's appeal to the trial court was not filed until August 28, 1985, after the issuance of the Board's final order certifying the collective bargaining unit and the FOP as its representative.

We note that none of the parties to this action have raised the question of the timeliness of the Register's appeal. However, periods of time for the filing of appeals are jurisdictional. *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984). Accordingly, "[a]lthough the parties did not raise or address [the issue], we are obligated to raise the matter on our own motion *sua sponte. . . ." Pennsylvania Dental Assoc. v. Insurance Department,* 512 Pa. 217, 230-31, 516 A.2d 647, 654 (1986). We conclude, then, that the trial court did not have jurisdiction to address the Register's appeal insofar as it related to the propriety of the Hearing Examiner's dismissal of his petition to intervene. We will, however, affirm the trial court's order inasmuch as it affirmed the Board's order.

Next, the Register argues that the Board's conclusion that the City Council of the City of Philadelphia is the exclusive managerial representative of the employees of his office for purposes of the representation proceedings under the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.101-1101.2301, is contrary to *Costigan v. Philadelphia Finance Department Employees Local 696,* 462 Pa. 425, 341 A.2d 456 (1975) and *Walsh v. Tate,* 444 Pa. 229, 282 A.2d 284 (1971). He presents this argument to support his contention that he should have been considered a party before the Board.

Clearly, *Costigan* and *Walsh* recognized the dual employer status of both the City of Philadelphia and the Register with respect to the employees in the Register's office. *Costigan* specifically refers to the City and the Register as joint employers. *Walsh* holds that pursuant to Section 16(y) of the Schedule to the Judiciary Article of the Pennsylvania Constitution of 1968[1] the Register is not bound by the City of Philadelphia's Home Rule Charter until such time as the city's electorate decides that the office should be so bound.

The Register would have this Court apply *Costigan* and *Walsh* in a vacuum to conclude that as a joint employer he is entitled as a matter of law to party status in representation proceedings before the Board. We are not able to do so.

Section 1620 of The County Code (Code), Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §1620 provides:

> The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: *Provided, however, that with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county com-*

---

[1] Section 16(y) provides:
The offices of prothonotary and register of wills in the City of Philadelphia shall no longer be considered constitutional offices under this article, but their powers and functions shall continue as at present until these offices are covered in the Home Rule Charter by a referendum in the manner provided by law.

> *missioners shall have the sole power and respon-*
> *sibility to represent judges of the court of com-*
> *mon pleas, the county and all elected or appoint-*
> *ed county officers having any employment pow-*
> *ers over the affected employes. The exercise of*
> *such responsibilities by the county commission-*
> *ers shall in no way affect the hiring, discharging*
> *and supervising rights and obligations with*
> *respect to such employes as may be vested in the*
> *judges or other county officers.*

(Emphasis added.)

First, we note that as the Board recognized, in Philadelphia, the funding for the budget from which the Register's employees are paid is provided by the City. Further, the members of the City's council are charged with the responsibility over that budget.[2]

Second, we note that by its own terms The County Code applies only to counties of the third through the eighth classes. Section 102 of the Code, 16 P.S. §102. Accordingly, Philadelphia, as either a city or county, would not be covered by the Code. However, our Supreme Court has held that the "legislative judgment" expressed by the 1976 amendment to Section 1620 of the Code[3] should apply to all judicial districts. *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 436, 388 A.2d 730, 734 (1978).

The Register argues that inasmuch as the Supreme Court was not faced with the unique constitutional status of Philadelphia in *Ellenbogen*, the holding in that case is not controlling here. We disagree. We find that

---

[2] Board order directing submission of eligibility list dated June 8, 1984 at 7, *see also* Sections 1.1-101, 2.2-300 and 2.2-302 of the City's Home Rule Charter, 351 Pa. Code §§1.1-101, 2.2-300 and 2.2-302.

[3] The 1976 amendment to Section 1620 of the Code is emphasized in the reproduction of that Section above.

the holding in *Ellenbogen* is applicable to the city of Philadelphia by virtue of Article IX, §§13(a) and (c) of the Pennsylvania Constitution of 1968 which provide:

(a) In Philadelphia all county offices are hereby abolished, and the city shall henceforth perform all functions of county government within its area through officers selected in such manner as may be provided by law.

. . . .

(c) All laws applicable to the County of Philadelphia shall apply to the City of Philadelphia.

Further, the Supreme Court has recently reaffirmed its holding in *Ellenbogen* in *Pennsylvania Labor Relations Board v. Della Vecchia*, 517 Pa. 349, 353, n.2, 537 A.2d 805, 807, n.2 (1988), "While the statute applies to counties of the third through eighth class, we specifically hold the legislative judgment therein applicable to all judicial districts and *a fortiori, all counties regardless of class.*" (Emphasis added.)

Accordingly, we find that the Board did not err in determining that the City of Philadelphia was the managerial representative of the employees of the Register of Wills for purposes of the PERA representation proceedings. Further, this holding in no way contravenes *Costigan* and *Walsh*.

In *Ellenbogen* and the series of cases decided by the Court on the same day[4] our Supreme Court was careful to point out that the judges in those cases specifically retained the right to hire, discharge and supervise their personnel despite the fact that in each case some other

---

[4] *Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); *Sweet v. Pennsylvania Labor Relations Board,* 479 Pa. 449, 388 A.2d 740 (1978); *Common Pleas of Bucks County v. Bucks County Commissioners,* 479 Pa. 455, 388 A.2d 743 (1978) (Judges I); *Common Pleas of Bucks County v. Bucks County Commissioners,* 479 Pa. 457, 388 A.2d 744 (1978) (Judges II).

entity, *i.e.*, the county commissioners, was found to be the exclusive managerial representative in representation proceedings under PERA. Applying *Ellenbogen* to the case before us, then, recognizes the continued validity of *Costigan* and *Walsh* inasmuch as the Register maintains his authority to hire, discharge and supervise his personnel.

The Register argues alternatively, that in the event he is not considered to be a party that the trial court erred in failing to reach the merits of his appeal inasmuch as he was an aggrieved person and had standing to appeal the Board's order pursuant to Section 1502 of PERA.

Section 1502(e) of PERA provided that "any persons aggrieved by an ajudication" of the Board had a right to appeal. That Section, however, was repealed by Section 2(a) [1442] of the Judiciary Act Repealer Act, (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1442].

The Register argues that Section 3(b) of JARA, 42 P.S. §20003(b), operates to save Section 1502(e) of PERA inasmuch as no general rules have been promulgated as of the effective date of its repeal. Section 3(b) provides:

The specific repeals effected by Section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions. General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to

the repealed statute on the effective date of its repeal, *the practice and procedure* provided in the repealed statue shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.

(Emphasis added.)

We disagree with the Register that this Section saves Section 1502(e) of PERA. While we are not bound by our Supreme Court's decision in *Official Court Reporters v. Pennsylvania Labor Relations Board,* 502 Pa. 518, 467 A.2d 311 (1983),[5] we are persuaded by Justice HUTCHINSON's treatment of this issue. He states, "While the *method* by which an appeal must be *perfected* is a matter of *practice or procedure,* it is equally clear that the category of *person who has a right to perfect* such an appeal is a substantive right rather than a matter of practice and procedure." 502 Pa. at 527-28, n.11, 467 A.2d at 316, n.11 (emphasis added). We find that making a distinction between substantive and procedural questions for purposes of determining whether Section 3(b) of JARA saves a statute repealed by Section 2 of JARA is logical and in keeping with JARA's legislative scheme. To apply Section 3(b) as the Register proposes would result in each of the repealed statutes becoming part of the common law in its entirety. Not only would such a result be illogical it would be contrary to the first sentence of Section 3(b) which expresses the intent of Section 2 as the elimination of

---

[5] We are not bound by the Supreme Court's decision for two reasons. First, it is a plurality opinion merely announcing the judgment of the Court and, as such, is not binding precedent. *Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648 (1977). Second, the parties in *Official Court Reporters* conceded that Section 3(b) of JARA does not operate to save Section 1502(e) of PERA. No such concession is present in the case before us.

"obsolete, unnecessary or suspended statutory provisions." Accordingly, we hold that Section 2(a) [1442] of JARA absolutely repealed Section 1502(e) of PERA and, further, that no portion of Section 1502(e) is saved by Section 3(b) of JARA. The Register, then, cannot rely upon the "person aggrieved" standard as formerly set forth in PERA.

Next, we must consider whether the Administrative Agency Law (AAL)[6] operates to confer standing in the Register to appeal from the Board's decision. We conclude that it does not.

Section 702 of the AAL provides, "Any *person* aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have a right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." (Emphasis added.) The courts of common pleas have jurisdiction over appeals from determinations of the Pennsylvania Labor Relations Board "[e]xcept where an employee of the Commonwealth is involved." 42 Pa. C. S. §933(a)(1) (vii). The case before us does not involve an employee of the Commonwealth; accordingly, the appeal from the Board's order was properly taken to the Court of Common Pleas of Philadelphia. Section 701(b)(2) of the AAL provides:

> (b)   None of the provisions of this subchapter shall apply to:
>
> . . . .
>
> (2)   Any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under 42 Pa. C. S. §933 (relating to appeals from government agencies).

---

[6] 2 Pa. C. S. §§501-505, 701-704.

Accordingly, by its own terms the AAL, and consequently the "person aggrieved" standard of Section 702 thereof, is inapplicable to the case before us.

The Register argues that the trial court erred in applying the "party aggrieved" standard of Pa. R.A.P. 501. He argues that by the operation of Pa. R.A.P. 103, those rules are not applicable to the courts of common pleas. We will not address the issue of whether the Rules of Appellate Procedure apply to courts of common pleas acting as appellate courts inasmuch as our review of the trial court's opinion in this case makes no reference to those rules as the basis for its decision. The question is not properly before us.

With the repeal of Section 1502(e) of PERA and the inapplicability of the AAL we are faced with a legislative void with respect to the question of who may appeal from a Board decision when that appeal must be taken to a court of common pleas pursuant to 42 Pa. C. S. §933(a)(1)(vii). We conclude, then, that the traditional concepts of standing apply and an analysis of the facts of this case under *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) is necessary.[7]

---

[7] *See Pennsylvania Game Commission v. Department of Environmental Resources*, 97 Pa. Commonwealth Ct. 78, 509 A.2d 877 (1986) *petition for allowance of appeal granted*, 513 Pa. 643, 521 A.2d 934 (1987), where Judge COLINS, writing for the Court en banc, applied the standards of *William Penn* to an appeal from a decision of an administrative agency (the Environmental Hearing Board), in the face of a statute which gave the right of appeal to "[a]ny person who shall be aggrieved by an action of the department. . . ." Section 24(a) of the Dam Safety and Encroachment Act, Act of November 26, 1978, P.L. 1375, *as amended*, 32 P.S. §§6931.1-693.27. Accordingly, based on the Court's decision in *Pennsylvania Game Commission*, we similarly apply *William Penn* to this statutory appeal and conclude that it is appropriate to turn to *William Penn* for guidance in the absence of legislative direction in the case before us.

554

In *William Penn* our Supreme Court held that standing requires the showing of substantial, direct and immediate interest in the subject matter of the litigation. Of interest to us in this case is the question of whether the Register's interest in the representation proceeding before the Board is direct. " 'Direct' means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *Skippack Community Ambulance Assoc., Inc. v. Township of Skippack,* 111 Pa. Commonwealth Ct. 515, 518, 534 A.2d 563, 565 (1987) *citing William Penn,* 464 Pa. at 195, 346 A.2d at 282. We conclude that the Register's interest is not direct.

As discussed above, we hold that the Board properly concluded that the City of Philadelphia is the sole managerial representative of the Register's employees for purposes of PERA representation proceedings. Further, in recognition of the Register's joint employer status, *Costigan,* this holding in no way affects the Register's right to hire, discharge and supervise his personnel. The Register has failed to demonstrate how his interests are directly affected by the Board's order.

Accordingly, we find that the Register does not have standing to appeal from the Board's order and we, like the trial court, refuse to reach the merits of the Register's appeal. The trial court's order is affirmed.

ORDER

NOW, September 20, 1988, the order of the Court of Common Pleas of Philadelphia at August Term, 1985, No. 4485, dated January 9, 1986, is hereby affirmed.

Judge COLINS dissents.