583 A.2d 65

**James J. CHARLEY, Jr. et al., Petitioners,**

**v.**

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.

Decided Nov. 30, 1990.

Bryan Gaster, with him, Walter T. ReDavid, ReDavid & Caranci, Springfield, for petitioners.

John B. Neurohr, Harrisburg, for respondent.

Leonard V. Tenaglia, Richard, DiSanti, Hamiton & Gallagher, Media, for intervenor, Delaware County Lodge No. 27, Fraternal Order of Police.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

James J. Charley, Jr., et al. (Petitioners) appeal an order of the Pennsylvania Labor Relations Board (Board) which

dismissed Petitioners' formal exceptions to a decision of the Board Secretary (Secretary).

Petitioners, who comprise the entire full-time and part-time uniformed police force of Chester Township (Employer), filed a petition for decertification of the Fraternal Order of Police, Lodge 27 (FOP) as their collective bargaining representative.

In response to the petition, the Secretary issued a letter which stated as follows:

An investigation has been made into the Petition ... Based on the outcome of that investigation, the Secretary declines, pursuant to 34 Pa.Code Section 95.81(b),[1] to direct a hearing on the Petition because it is the policy of the Board to conduct decertification elections only in an atmosphere free of the coercive effect of unfair labor practices committed by the employer which undermine employe support for the collective bargaining representative. [Employer] has committed unfair practices, including the failure to negotiate in good faith with [FOP], which make the conduct of a free and fair representation election impossible ... Therefore, the Petition for Decertification is dismissed.

Petitioners filed exceptions to the Secretary's decision. Thereafter, the Board issued a final order dismissing the exceptions.

■ On appeal to this court,[2] Petitioners raise one issue: whether the Board erred by declining to direct a hearing on the petition for decertification.[3] Petitioners contend that

1. 34 Pa.Code § 95.81(b) states in relevant part: "The [Secretary] will have the authority to issue orders directing and fixing time and place of initial hearings in representation cases."

2. Our scope of review is limited to a determination of whether the Board's findings are supported by substantial and legally credible evidence and whether the conclusions deduced therefrom are reasonable and not arbitrary, capricious, or illegal. *Donatucci v. Pennsylvania Labor Relations Board,* 119 Pa.Commonwealth Ct. 542, 547 A.2d 857 (1988).

3. Although not included in their statement of questions presented, Petitioners also assert that their petition was denied based on the findings reached in the prior unfair labor practices case against the

the Board is required by Section 7(c) of the Pennsylvania Labor Relations Act (PLRA)[4] to provide a hearing or an election on its petition for decertification. Section 7(c) provides in pertinent part:

*Whenever a question arises concerning the representation of employes the board may, and, upon request of ... any group of employes* in an appropriate unit representing by petition thirty per centum or more of the employes of that unit, *shall investigate such controversy* and certify to the parties, in writing, the name or names of the representatives who have been designated or selected. *In any such investigation, the board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section 8,* or otherwise, and may utilize any suitable method to ascertain such representatives.

Section 8 of the PLRA[5] gives the Board exclusive power to prevent unfair labor practices. If a party is found to have committed an unfair labor practice, the Board is specifically authorized under section 8(c) to issue an "order requiring such [party] to cease and desist from such unfair labor practice, and to take such reasonable affirmative action ... as will effectuate the policies of this act."

The Board asserts that "free choice required in a representative election is rendered impossible where there are unremedied employer unfair labor practices which undermine the efficacy of the certified bargaining representative." Petitioners' Brief at 18. The Board argues that the provision of a hearing on the petition for decertification would also have been inappropriate in light of the unreme-

Employer (prior case). Petitioners contend that the use of the findings in the prior case violated their right to due process because they were not able to present evidence or cross-examine witnesses in the prior case. However, Petitioners do not dispute that an unfair labor practice occurred which is the only finding of the prior case relied upon by the Board.

4. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. § 211.7(c).

5. 43 P.S. § 211.8.

died unfair labor practices.[6] The Board contends that it has the discretion to decide when hearings are inappropriate.

Section 7(c) clearly mandates that the Board conduct an investigation upon request by at least 30% of the employes.[7] During an investigation the Board must provide an appropriate hearing. We must decide if the Board reasonably concluded that section 7(c) allows it to decide that no hearing is appropriate while an unfair labor practice remains unremedied.

In *Commonwealth v. Pennsylvania Labor Relations Board,* 64 Pa.Commonwealth Ct. 525, 441 A.2d 470 (1982), *affirmed in part, reversed in part on other grounds,* 502 Pa. 7, 463 A.2d 409 (1983), the Board denied the certified labor representative's motion to stay a representation election until disposition of unfair labor practice charges. The Board decided that the nature of the charges, even if proven, would not impact upon the election, and denied the motion. This court held that the postponement of a representation election until outstanding unfair labor practice charges are resolved is discretionary with the Board and that we cannot review the Board's discretionary acts in the absence of bad faith, fraud, capricious action or abuse of power.

 In the present case, Petitioners have made no allegation of bad faith, fraud, capricious action or abuse of power by the Board. The Board based its decision on the undisputed failure of the Employer to comply with a Board order to remedy the effects of an unfair labor practice. The Board has the discretion to decide when the effects of an unfair labor practice require a refusal to conduct a representation election. *Commonwealth v. Pennsylvania Labor Relations Board.* Similarly, the Board has the discretion to decide when the effects of an unremedied

6. It is not disputed that the Employer has failed to comply with the order of the Board directing it to remedy the effects of the unfair practice.

7. One-hundred percent of the employes have signed the petition for decertification.

unfair labor practice render inappropriate a hearing on a petition seeking a decertification election. We hold that the Board has acted within its discretionary power.

Accordingly, we affirm.

## ORDER

AND NOW, November 30, 1990, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is affirmed.

BYER, Judge, concurring.

I join in the majority opinion, but write separately to emphasize what I believe to be the critical aspect of this case.

It might seem strange that our decision affirming the Pennsylvania Labor Relations Board (PLRB) requires the township to bargain with a labor union which 100% of the bargaining unit has rejected as its representative. Although this might be considered as depriving the employees of free choice, I believe our decision actually preserves free choice by union members under the circumstances presented in this case.

The unremedied unfair labor practice in this case consisted of the employer bypassing the union and bargaining directly with members of the bargaining unit. This type of unfair labor practice goes to the heart of the collective bargaining process and undermines the position of the union. It is a serious violation.

If we were to reverse the PLRB and order it to consider the decertification petition in the face of this type of unremedied unfair labor practice, we would do violence to the strong public policy favoring union representation and collective bargaining. If we were to accept petitioners' argument, we would reward employers whose illegal union-busting activities prove successful.

It might be possible to envision unfair labor practices which even if unremedied arguably should not prevent the employees from proceeding with decertification. We need

not decide whether every possible unremedied unfair labor practice would justify the PLRB in refusing to entertain a decertification petition.

Here, there is a logical and direct relationship between the unremedied unfair labor practice and the attempt to decertify the bargaining representative. It is reasonable to infer that the employer's unlawful direct bargaining with members of the bargaining unit so undermined the union's position as to result in the decertification petition. The fact that 100% of the bargaining unit joined in the decertification petition demonstrates the effectiveness of the illegal union-busting tactics.

The employees should be free to choose whether they will continue to be represented by this union. However, that choice cannot be made freely where it is influenced by the employer's illegal conduct. The PLRB is correct in insisting that the unfair labor practice involved in this case be remedied first in order to avoid the possibility that it is the illegal conduct which has prompted the attempt to decertify the bargaining representative rather than the free choice of the employees in an atmosphere untainted by illegal conduct.

It is on this basis I join the majority opinion.