# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jimmy Shaw,                   :
           Petitioner     :
                    :
        v.             :   No. 1853 C.D. 2017
                    :   SUBMITTED: April 13, 2018
Pennsylvania Board of Probation   :
and Parole,               :
           Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: July 17, 2018**

Jimmy Shaw (Shaw) petitions *pro se* for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal from an order recommitting him as a convicted parole violator and setting his parole violation maximum date to October 11, 2019. We vacate the Board's order and remand for an evidentiary hearing regarding the timeliness of Shaw's petition for review.

The pertinent background is as follows. In March 2016, police arrested Shaw and charged him with escape. (Certified Record (C.R.) at 203.) The Board filed a warrant to commit and detain him and the Court of Common Pleas of Philadelphia County set bail at $100,000, which he failed to post. Following the Board's provision of notice of charges and intent to hold a violation/detention hearing, Shaw waived his right to counsel, right to a panel hearing, and right to a

violation hearing. (*Id*. at 164-66 and 170). In addition, he admitted to violating condition #7, unsuccessful discharge from self-help program. (*Id*. at 164.)

In April 2016, the Board recommitted Shaw to serve nine months as a technical parole violator and detained him pending the disposition of the new criminal charges. (*Id*. at 179-80.) In September 2016, he pled guilty to escape and was sentenced to two years of probation. (*Id*. at 203-04.) In December 2016, the Board provided Shaw with a notice of charges and intent to hold a revocation hearing for the conviction. (*Id*. at 194.) Shaw waived his right to counsel and right to a revocation violation hearing. In addition, he admitted to his conviction for escape. (*Id*. at 192-93.)

In February 2017, the Board recommitted Shaw as a convicted parole violator to serve twelve months concurrently for a total of twelve months backtime. Stating that he was not amenable to parole supervision and deleting the reparole portion of its April 2016 action, it changed his parole violation maximum date to October 11, 2019. (*Id*. at 219.) In March 2017, Shaw filed a petition for administrative review challenging the recalculation. (*Id*. at 226-41.) On November 6, 2017, the Board explained the recalculation of his sentence and affirmed its February 2017 action. (*Id*. at 247.) Shaw's petition for review, postmarked December 12, 2017, followed. Notwithstanding the Board's failure to challenge the timeliness of Shaw's petition for review, we turn first to that determinative issue.

The time for petitioning for review is thirty days after the entry of the order below. Pa. R.A.P. 1512(a)(1). Entry occurs when the government unit mails the order and, accordingly, that date commences the appeal period. Pa. R.A.P. 108(a). Appeal periods are jurisdictional and this Court may quash an untimely appeal *sua sponte*. *Donatucci v. Pa. Labor Relations Bd.*, 547 A.2d 857 (Pa.

Cmwlth. 1988). In cases involving *pro se* filings by incarcerated individuals, we consider the applicability of the prisoner mailbox rule providing that a *pro se* legal document is deemed to be filed on the date it is delivered to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). Filing focuses on the litigant placing the document in the hands of the appropriate office or officer rather than actual receipt of the document and a prisoner bears the burden of establishing compliance with the rule. *Id*. Evidence of such compliance may include "a properly executed prisoner cash slip or other reasonably verifiable evidence of the date the prisoner deposited the *pro se* filing with the prison authorities." Pa. R.A.P. 121(a).

In the present case, the final decision bore a November 6, 2017, mailing date thereby necessitating that Shaw file his petition by December 6, 2017. This Court, however, recorded a filing date of December 12. By way of analysis, we note that the verification and service dates indicate December 3 and the delivery envelope with this Court contains a postmarked "PA Department of Corrections Inmate Mail" certified mailing date of December 12. Accordingly, we remand this matter for an evidentiary hearing, to be recorded and transcribed, within forty-five days of the date of this opinion, to afford Shaw an opportunity to proffer evidence as to when he placed his petition for review in the prison mailbox or delivered it to prison officials. Further, we direct the Board to make findings of fact thereon and certify the record to this Court, so that we may determine whether the prisoner mailbox rule cures the apparent untimeliness of the petition for review and, accordingly, whether this Court has jurisdiction. *See Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 503 (Pa. Cmwlth. 2008) (due to the Court's inability to ascertain from the record when the

3

prisoner placed his appeal of the Board's decision in the prison mailbox, we vacated and remanded the matter for a factual determination).

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jimmy Shaw, : 
               Petitioner : 
                : 
            v. :   No. 1853 C.D. 2017
                : 
Pennsylvania Board of Probation : 
and Parole, : 
             Respondent : 

# O R D E R

AND NOW, this 17th day of July, 2018, the order of the Pennsylvania Board of Probation and Parole is hereby VACATED, and this matter is REMANDED to the Board to hold a hearing within forty-five (45) days of the date of this opinion in accordance with the foregoing directives.

        Jurisdiction retained.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge